**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| DOUGLAS LONGHINI, Individually, | : Case No.: |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| | : |
| B & R SUPERMARKET, INC., a Florida for profit | : |
| Corporation, d/b/a MILAMS MARKET # 2, | : |
| | : |
| Defendant. | : |
| _____ / | |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, DOUGLAS LINGHINI (hereinafter "Plaintiff"), hereby sues the Defendant, B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET #2, a Florida for profit Corporation, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

**JURISDICTION& VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida.  28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff, DOUGLAS LONGHINI, is a resident of the State of Florida, *sui juris*, and is an individual with disabilities as defined by the ADA.

6. Plaintiff requires a wheelchair to ambulate and is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Defendant, B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET #2, is a Florida for profit Corporation, is authorized to, and does, transact business in the State of Florida.

8. Upon information and belief, B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET #2, (hereinafter referred to as the "Defendant" or "B & R"), is the owner and/or lessor and/or operator of the commercial facility located at 80 CURTISS PARKWAY, MIAMI SPRINGS, FLORIDA 33166, (hereinafter referred to as "80 Curtiss Parkway Facility", "Commercial Facility", or "Facility").

9. Upon information and belief, B & R is the owner and/or lessor and/or operator of a supermarket known as Milam's Market # 2 located at the 80 Curtiss Parkway Facility.

10. Plaintiff plans to return to the subject commercial facility but has encountered barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").

## GENERAL FACTS

11. On September 17, 2020, Plaintiff, a wheelchair user who has limited use of his hands, visited Milam's Market # 2 located at the 80 Curtiss Parkway Facility.

12. Plaintiff has a personal desire to have access to place of public accommodations in order to enjoy the full and equal enjoyment of the facilities as that of an able-bodied person. Plaintiff as an ADA tester accomplishes this goal by visiting the location, engaging all of the

illegal barriers to access, or at least those he is able to access. Plaintiff intends to visit the subject place of public accommodations to verify their compliance or non-compliance with the ADA.

13. Defendant, B & R, is the owner and operator of the 80 Curtiss Parkway Facility, and of Milam's Market # 2.

14. Plaintiff was not able to, and still cannot, access significant portions of the 80 Curtiss Parkway Facility, or avail himself of the various goods and services Defendant otherwise offers to able-bodied individuals.

15. At the 80 Curtiss Parkway Facility, the Plaintiff, encountered or has knowledge of the following barriers:

## PARKING

a. The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable;

**ENTRANCE ACCESS AND PATH OF TRAVEL**

d. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

g. The plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

16. At the supermarket Milam's Market # 2, the Plaintiff encountered or has knowledge of the following barriers:

**ACCESS TO GOODS AND SERVICES**

a. There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The plaintiff could not use the credit card processor, as it is mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The plaintiff could not reach the ticket counter, as it is mounted too high. Violation: There are self-service areas with elements that are outside of the reach ranges prescribed in Sections 4.2.5, 4.2.6, and

      4.27.3 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable

## PUBLIC RESTROOMS

  d. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

  e. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  f. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## FAILURE TO MAINTAIN ACCESSIBLE FEATURES

  g. The Defendant, B & R, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility and supermarket, as identified in paragraphs 15 (a)-(g) and 16 (a)-(f), in violation of 28 C.F.R. § 36.211.

17. Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the commercial facility and the place of public accommodation, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

18. Correcting each of the barriers in paragraph 15, (a) through (6) are readily achievable.

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

19. Correcting each of the barriers in paragraph 16, (a) through (f) are readily achievable.

20. Plaintiff intends to revisit the subject commercial facility and the place of public accommodation as identified herein.

21. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the place of public accommodation to enjoy the goods and services available to the public.

22. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the place of public accommodation, and has otherwise been discriminated against and damaged because of Defendant' existing ADA violations, including, but not limited to, those set forth herein.

23. The violations present at the subject commercial facility and place of public accommodation violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Plaintiff desires to, and would patronize at the subject commercial facility and the place of public accommodation in the foreseeable future if the Defendant remedies the illegal barriers and make the subject commercial facility and the place of public accommodation accessible.

## COUNT I
### AMERICANS WITH DISABILITIES ("ADA") ACTION FOR INJUNCTIVE RELIEF

24. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

25. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 30 of this Complaint as if fully stated herein.

26. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendant' conduct or omissions thereof.

27. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

28. The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

29. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

30. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

31. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

32. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

33. At all times relevant to this action, Defendant's commercial facility and the tenant space are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

34. Defendant, B & R, who owns the 80 Curtiss Parkway Facility is required to comply with the ADA. *See* 28 CFR § 36.201.

35. Defendant, B & R, who owns and/or operates the supermarket Milam's Market # 2 Seafood & Steak, is required to comply with the ADA. *See* 28 CFR § 36.201.

36. Plaintiff has encountered and/or has knowledge of the architectural barriers at the subject commercial facility and the place of public accommodation, which deny him the full and equal enjoyment of the facilities as able-bodied persons.

37. Defendant has deprived Plaintiff the equal opportunity to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing therein.

38. Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

39. Defendant, through the actions outlined above, has denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendant. 42 U.S.C. §12182; 28 C.F.R. § 36.202.

40. Defendant's violations of the ADA mentioned above directly cause Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering,

and will continue to suffer irreparable injury because of Defendant's pattern and practice of discrimination.

41. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendant is not enjoined to comply with the ADA. Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein. Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendant from discriminatory barriers, policies, and practices in violation of the ADA.

42. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's commercial facility and the place of public accommodation. Defendant has caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the able-bodied public by continuing to operate a commercial facility and the place of public accommodation with discriminatory conditions in violation of the ADA.

43. Plaintiff wishes to re-visit the subject commercial facility and the place of public accommodation to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject commercial facility and the place of public accommodation are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

44. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendant' place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

45. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

46. All other conditions precedent have been met by Plaintiff, or waived by the Defendant.

47. The Plaintiff demands a non-jury trial on all issues to be tried herein.

48. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendant.

49. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible

to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B. Injunctive relief against the Defendant, B & R SUPERMARKET, INC., d/b/a MILAM'S MARKET #2, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C. Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D. Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: November 6, 2020                         Respectfully submitted,

By:/S/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**REGENCY SQUARE**

2440 SE FEDERAL HIGHWAY
SUITE M
STUART, FLORIDA 34994
Ph: (786) 452-9709
Fax: (772) 617-6201
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com