**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| DOUGLAS LONGHINI, Individually, | Case No.: 1:20-cv-24579-CMA |
| Plaintiff, | |
| v. | |
| B & R SUPERMARKET, INC., a Florida for profit Corporation, d/b/a MILAMS MARKET # 2, | |
| Defendant. | |
_____/

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff, DOUGLAS LONGHINI, and the Defendant, B & R SUPERMARKET, INC., a Florida for profit Corporation, d/b/a MILAMS MARKET # 2, a Florida for profit Corporation, (collectively the "Parties"), by and through their respective undersigned counsel, hereby notify the Court that they have entered into a Consent Decree intended to resolve this matter. The parties, through their counsel, jointly move the Court for approval and entry of the Consent Decree attached hereto as Exhibit A.

**I.      Background**

Plaintiff asserts a single claim in this action for alleged barriers to access under Title III of the ADA. Since the inception of this case, both Plaintiff and Defendant have visited or inspected the premises to determine whether any barriers to access exist at the subject premises, located at 80 Curtiss Parkway, Miami Springs, FL 33166 (the "Premises").

To avoid continued litigation, to provide the parties with some degree of certainty as to what barrier removal is required at the Premises (and what is not), and to provide an effective mechanism for addressing any maintenance issues that may arise at the Premises without the need

for future litigation, the parties request entry of the attached Consent Decree.

If approved and entered by the Court, the proposed Consent Decree provides clear directives as to what barrier removal is required. This, in turn, furthers the purposes of the ADA (by providing barrier removal) while avoiding unnecessary litigation. The parties have separately resolved the issue of attorneys and expert fees and costs.

As an alternative to entry of the Consent Decree, the parties request that the court approve the proposed remediation plan as a condition of the dismissal of this matter.

Both parties were represented by counsel in the development of this plan, and both parties had the opportunity for their experts to inspect the Premises. The remediation plan, which is below, represents a good faith determination of the barrier removal which is readily achievable taking into account the existing nature of the Premises, its age, structural barriers, and the size of elements within the Premises. Both parties agree that this plan adequately addresses the intent of the ADA and its 1991 and 2010 ADA accessibility guidelines with respect to the Premises. The following courts within the Southern District of Florida are a sampling of courts which have approved and adopted nearly identical consent decrees, having found that that the proposed remediation plan is appropriate and proper under the ADA: 19-CV-60259-DPG, 18-CV-25197, 19-CV-60428-BB, 17-CV-61265-BB, 18-CV-80467-BB, 19-CIV-61254-RAR, 19-CV-61582-MGC. Entry of the proposed Consent Decree not only offers a fair, reasonable, and appropriate resolution to the Plaintiff, but it also avoids unnecessary and duplicative copycat lawsuits alleging the same barriers to website access being corrected through the proposed Consent Decree. *Haynes v. Outback Steakhouse of Fla.,* No. 0:17-CV-60851-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 189924 (S.D. Fla. Aug. 17, 2017) (prior judgment in Title III web access case moots second case); *Envtl. Conservation Org. v. City of Dall.,* 529 F.3d 519 (5th Cir. 2008) (in cases like this one, where only

injunctive relief is available, consent decree in prior case moots second case). In this way, the proposed Consent Decree also furthers the important goal of judicial economy and the purposes of the Federal Rules of Civil Procedure as set forth in Fed. R. Civ. P. 1.

## II. The Proposed Remediation Plan

The parties propose that during the next 36 months, Defendant will engage in the following multi-step accessibility plan:

| B & R Supermarket, Inc. – Milam's Market # 2 – Remediation Plan ||| 
|---|---|---|
| **Area at Issue: Parking** |||
| **Issue Raised in the Complaint** | **Inspection Result** | **Remedy** |
| 15 (a): Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards | Comment is not valid with respect to accessible parking spaces at the left and right sides of the main entrance.<br><br>Comment is valid with respect to the accessible parking space at the south side of the main entrance. | Section 208.2 of the 2010 Standards, specifies that the parking lot at issue, which contains approximately 70 spaces (fewer than 75), only requires 3 accessible parking spaces. The space currently designated as accessible at the south side of the main entrance is a fourth accessible space. Because the space is non-compliant, this space will be converted to a standard parking space, removing it from the purview of the ADA. |
| 15 (b): Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards | Comment is not valid with respect to accessible parking spaces at the left and right sides of the main entrance.<br><br>Comment is valid with respect to the accessible parking space at the south side of the main entrance. | Section 208.2 of the 2010 Standards, specifies that the parking lot at issue, which contains approximately 70 spaces (fewer than 75), only requires 3 accessible parking spaces. The space currently designated as accessible at the south side of the main entrance is a fourth accessible space. Because the space is non-compliant, this space will be converted to a standard parking space, removing it from the purview of the ADA. |

| 15 (c): Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards | Comment is not valid with respect to accessible parking spaces at the left and right sides of the main entrance.<br><br>Comment is valid with respect to the accessible parking space at the south side of the main entrance. | Section 208.2 of the 2010 Standards, specifies that the parking lot at issue, which contains approximately 70 spaces (fewer than 75), only requires 3 accessible parking spaces. The space currently designated as accessible at the south side of the main entrance is a fourth accessible space. Because the space is non-compliant, this space will be converted to a standard parking space, removing it from the purview of the ADA. |
|---|---|---|
| **Area at Issue: Entrance Access and Path of Travel** | | |
| **Issue Raised in the Complaint** | **Inspection Result** | **Remedy** |
| 15 (d): Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards | Comment is valid with respect to the accessible route from the accessible parking space at the left side of the main entrance | Rework sidewalk from the accessible parking space at the left side of the main entrance to provide a curb ramp with a running slope not to exceed 8.33%, or rework area as part of store renovation to eliminate need for sidewalk in that area. |
| 15 (e): Violation: The path of travel contains excessive cross slopes (in excess of 2%) in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards | Comment is not valid with respect to the accessible route from the accessible parking space at the right side and south side of the main entrance. This element is within construction tolerance for a facility that predates the ADA. | No remediation needed. |
| 15 (f): Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards | Comment is not valid. This element is within construction tolerance for a facility that predates the ADA. | No remediation is needed. |
| 15 (g): Violation: Ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards | Comment is not valid with respect to the ramp from the accessible parking space at the right side of the main entrance. While this ramp may be | No remediation is needed. |

|  | reconfigured as part of the relocation of the accessible parking space from the south side of the main entrance, extensions of handrails are not required where such extensions would be hazardous due to plan configuration. |  |
|---|---|---|
| **Area at Issue: Access to Goods and Services** |||
| **Issue Raised in the Complaint** | **Inspection Result** | **Remedy** |
| 16 (a): Violation: There are drinking fountains that do not provide access to those who have difficulty bending or stooping in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards | Comment is not valid. The drinking fountains have been taken out of service. | The drinking fountains have been disabled/suspended pursuant to Miami Dade Emergency Order. If the drinking fountains are placed back into service, they will either be modified to compliant height or a paper cup dispenser will be installed at 48" (1219 mm) max. above the finished floor to the highest operable part for a forward approach to object (2010 ADA Fig. 308.2.1). |
| 16 (b): The plaintiff could not use the credit card processor, as it is mounted too high. Violation: There are sales counters at the facility in excess of 36" high (plaintiff could not use the credit card processor, as it is mounted too high) violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards | Comment is not valid. The credit card processor is mounted at 48" above the finished floor to the highest operable part, while the counter is mounted at 30" above the finished floor. | No remediation is needed. |
| 16 (c): Violation: There are self-service areas with elements that are outside of the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308 of the 2010 ADA Standards (the ticket | Comment is valid. Ticket counter is mounted at 54" above the finished floor. | Lower the lottery ticket counter to 48" above the finished floor. |

| | | |
|---|---|---|
| counter is too high) | | |
| **Area at Issue: Public Restrooms** | | |
| **Issue Raised in the Complaint** | **Inspection Result** | **Remedy** |
| 16 (d): Violation: There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards | Comment is valid. The sign is mounted on the door, and must be moved. | Relocate the room signage to the latch side, and mount it between 48" min. and 60" max. to the baseline of tactile characters, meeting the requirements of §703.4.1 (2010 ADA Fig. 703.4.1). |
| 16 (e): Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards | Comment is valid. | Install insulation on the pipes under the lavatory. |
| 16 (f): Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards | Comment is valid. | Install a power door to provide the required 12" (305 mm) min. maneuvering clearance on the push side of the door beyond the latch side and 48" (1220 mm) min. deep clear floor leveled area with slopes not exceeding 1:48, or remove closer (2010 ADA Fig. 404.2.4.1(c)). |
| **Area at Issue: Failure to Maintain Accessible Features** | | |
| **Issue Raised in the Complaint** | **Inspection Result** | **Remedy** |
| 16 (g): The Defendant, B & R, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility and supermarket, as identified in paragraphs 15 (a)-(g) and 16 (a)-(f), in violation of 28 C.F.R. § | This is a policy allegation not subject to inspection. | Implement a policy to maintain the elements described in paragraphs 15 (a) – (g), and 16 (a) – (f) |

| 36.211. | | |
|---|---|---|

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement and remediation plan during negotiations. All Parties were counseled and represented by their respective attorneys and any relevant experts they sought to confer with and they believe it is reasonable and appropriate.

### III.  Conclusion

The Parties jointly request that this Court approve the Parties' remediation plan and request that the Court enter a Consent Decree, as attached hereto, adopting and ordering the implementation of the remediation plan. Upon approval by the Court of the attached Consent Decree, the Parties request that the Court retain jurisdiction to enforce the Decree.

**WHEREFORE,** the Parties respectfully request that the Court **GRANT** this Motion and provide such additional relief as the Court deems just and proper.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

Respectfully submitted this 20th day of January 2021

| | |
|---|---|
| */s/ Camilo F. Ortega* | s/ *Edwin Cruz* |
| Camilo F. Ortega, Esq. | Tasos C. Paindiris, Esq. |
| Florida Bar No. 0075387 | Florida Bar No. 41806 |
| E-mail: camilo@ortegalawgroup.com | E-mail: *Tasos.Paindiris@jacksonlewis.com* |
| ORTEGA LAW GROUP, P.A. | JACKSON LEWIS P.C. |
| REGENCY SQUARE | 390 N. Orange Avenue, Suite 1285 |
| 2440 SE Federal Highway | Orlando, Florida 32801 |
| Suite M | Telephone: (407) 583-1602 |
| Stuart, Florida 34994 | |
| Phone: 786-452-9709 | and, |
| Fax: 772-617-6201 | |
| | Edwin Cruz, Esq. |
| *Counsel for Plaintiff* | Florida Bar No. 55579 |
| | E-mail: *Edwin.Cruz@jacksonlewis.com* |
| | JACKSON LEWIS P.C. |
| | One Biscayne Tower, Suite 3500 |
| | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | |
| | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Edwin Cruz*
Edwin Cruz, Esq.

**CASE NO.: 0:20-cv-62234-RAR**
9 of 9

## SERVICE LIST

Camilo F. Ortega, Esq.
Florida Bar No. 0075387
E-mail: *camilo@ortegalawgroup.com*
E-mail: *attorneyservice@ortegalawgroup.com*

ORTEGA LAW GROUP, P.A.
REGENCY SQUARE
2440 SE Federal Highway
Suite M
Stuart, Florida 34994
Phone: 786-452-9709
Fax: 772-617-6201

*Counsel for Plaintiff*

Tasos C. Paindiris, Esq.
Florida Bar No. 41806
E-mail: *Tasos.Paindiris@jacksonlewis.com*
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 583-1602

Edwin Cruz, Esq.
Florida Bar No. 55579
E-mail: *Edwin.Cruz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4836-9813-4742, v. 1